UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD REYNOLDS : | |
| : | |
| v. : | Case No.   3:13-cv-316(SRU) |
| : | |
| BRIAN K. MURPHY, ET AL. : | |
| : | |

## RULING AND ORDER

On November 19, 2103, the Court dismissed the claims for money damages against all defendants in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2) and the claims under the Geneva Convention, the Fifth Amendment, the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment relating to confiscation of personal property, loss of job and the issuance and disposition of a disciplinary report and the First Amendment relating to alleged retaliatory conduct against all defendants in their individual and official capacities  pursuant to 28 U.S.C. § 1915A(b)(1).  The Court concluded that the claims relating to the defendants' improper confiscation of the plaintiff's magazines in violation of the First Amendment and his indefinite placement on restraint status in violation of the Fourteenth Amendment would proceed against all defendants in their individual and official capacities.  *See* Initial Review Or., Doc. No. 9.

Pending before the Court is the plaintiff's motion for reconsideration of the Initial Review Order  dismissing the Complaint in part and his motion for leave to amend the complaint.  For the reasons set forth below, the motions for reconsideration and for leave to amend are denied.

**I.      Motion for Reconsideration [Doc. No. 25]**

The plaintiff seeks reconsideration of the portion of the Initial Review Order that dismissed the claim that defendants denied him access to a job in prison in violation of the Fourteenth Amendment.  The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided, *id.*, but may be granted where there is a need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478).  Because the plaintiff has not pointed to previously overlooked cases or facts that might be expected to alter the conclusions reached by the court, the motion does not meet the high standard for motions for reconsideration, and it is denied.

**II.     Motion for Leave to Amend [Doc. No. 24]**

The plaintiff seeks leave to file an amended complaint to add new claims about conditions of confinement on death row.  The Federal Rules of Civil Procedure provide that a plaintiff may amend his complaint once as of right "within 21 days after serving [the complaint] or . . . [within] 21 days after service of a" pleading responsive to the complaint "or 21 days after service of a motion" to dismiss, for more definite statement or to strike, whichever is earlier." Rule 15(a)(1), Fed. R. Civ. P.

The docket reflects that all defendants had been served as of December 11, 2013.

Because the plaintiff's motion seeking to file an amended complaint to add new claims was filed more than twenty-one days after service of the Complaint, the plaintiff may not amend as of right. After the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).

The plaintiff states that he will remove the remaining claims in the Complaint and then file an amended complaint that includes all conditions of confinement on Death Row that are atypical and significant. Under the analysis set forth in *Sandin v. Connor*, 515 U.S. 472 (1995), he would then compare the conditions on death row to the conditions in general population and also compare the conditions on death row before the assault on defendant Cahill by Inmate Daniel Webb on March 29, 2010, and the conditions after the assault. He claims that all of these new allegations would state a substantive Eighth Amendment claim. The Supreme Court in *Sandin* addressed whether a liberty interest existed that necessitated procedural due process under the Fourteenth Amendment before an inmate could be placed in segregated confinement for thirty days as punishment for a disciplinary infraction. The claims that the plaintiff seeks to add or substitute in an amended complaint are conditions of confinement claims under the Eighth Amendment. The addition of new claims and possibly new defendants would delay this case and prejudice the existing defendants. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment, in determining whether to grant leave to amend).

The Court notes that the plaintiff has asserted multiple death row conditions of confinement claims in another action filed in this Court, *Reynolds v. Arnone*, Case No. 3:13cv1465(SRU). The Court concludes that justice does not require the plaintiff to be permitted to file an amended complaint to add new conditions of confinement claims. The motion for

leave to amend is denied.

## Conclusion

The Motion for Reconsideration [**Doc. No. 25**] is **DENIED**.  The Motion for Leave to Amend the Complaint [**Doc. No. 24**] is **DENIED**.

**The plaintiff shall file his response to the Motion to Dismiss [Doc. No. 21] within THIRTY DAYS of the date of this order.  If no objection to the motion to dismiss is filed within that time, this case will be dismissed without further notice to the plaintiff.**

**SO ORDERED** this 9th day of February 2015, at Bridgeport, Connecticut.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge